```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF LOUISIANA

MARQUE SMITH, ET AL.                          CIVIL ACTION

VERSUS                                        NO: 07-2989

JNET, L.L.C., ET AL.                          SECTION: R(1)
```

### ORDER

Before the Court is defendant Premier Industries, Inc.'s motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the following reasons, the Court GRANTS defendant's motion.

### I. Background

This litigation arises out of an accident that occurred on February 8, 2007 at a dock in Venice, Louisiana that was owned by defendant, Premier Industries, Inc. ("Premier"). Plaintiff Marque Smith was employed by Baker/MO Services as an electrician at the time of the accident. Baker/MO Services provides maintenance services to the offshore oil industry. After working on an offshore platform, plaintiff returned to shore via the Jnet, a boat owned and/or operated by defendants Jnet, LLC, Lin-Bar Leasing, LLC, and Linbar Marine, Inc. When the Jnet arrived at the Premier dock, it found a tug and barge blocking the stationary gangway. As plaintiff and the other Baker employees could not disembark immediately, the Captain of the Jnet gave

them the choice either to wait and disembark by the gangway or disembark immediately via the stern of the vessel.  The passengers elected to disembark by way of the stern.  The Captain backed the boat up to the bulkhead at the dock, and plaintiff and the others climbed onto the stern, stepped onto the bumper tires on the bulkhead, and hopped onto the ground.  Plaintiff fell when he disembarked, and he allegedly injured his back, left knee, left leg, left shoulder, and neck.

On May 27, 2007, plaintiff sued Jnet, LLC, Linbar Leasing, LLC, and Lin-Bar Marine, Inc.  On September 14, 2007, plaintiff filed an amended complaint naming Premier and State National Insurance Company as defendants.  Plaintiff avers that Premier violated its duties under maritime law to provide plaintiff with a reasonably safe means of ingress and egress from the vessel, to provide access to a gang walk that would allow safe transfer to the dock, and to have the appropriate number of gang walks to accommodate the boat traffic that utilized the dock.  Plaintiff also asserts that Premier violated its duties to the plaintiff under Louisiana negligence law.  Premier now moves for summary judgment.  Premier contends that the dock owner did not have a legal duty to provide the plaintiff with a reasonably safe means of ingress and egress from the vessel under maritime law.  Premier also avers that there is no evidence that Premier was negligent under Louisiana law.

**II.  Legal Standard**

Summary judgment is appropriate when there are no genuine issues as to any material facts, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986). A court must be satisfied that no reasonable trier of fact could find for the nonmoving party or, in other words, "that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict in her favor." *Lavespere v. Niagara Mach. & Tool Works, Inc.,* 910 F.2d 167, 178 (5th Cir.1990) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986)). The moving party bears the burden of establishing that there are no genuine issues of material fact.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See Celotex,* 477 U.S. at 325; *Lavespere,* 910 F.2d at 178. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See Celotex,* 477 U.S. at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that

establish a genuine issue exists for trial. *See id.* at 325; *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994).

**III. Discussion**

    **A.   Maritime claims**

The Court finds that Premier is entitled to summary judgment on plaintiff's claims under maritime law because Premier did not owe a legal duty to the plaintiff. A dock owner does not owe a legal duty to provide a vessel's crew members with a reasonably safe means of ingress and egress. *Florida Fuels, Inc. v. Citgo Petroleum Corp.*, 6 F.3d 330, 332 (5th Cir. 1993). Plaintiff avers that *Florida Fuels* does not control here since Smith was a passenger, not a crew member, of the Jnet. Plaintiff asserts that since he was an independent contractor, Premier owes him a duty of safe ingress and egress. Plaintiff cites *Purdy v. Belcher Refining Company* in support of his contention. 781 F.Supp. 1559 (S.D. Ala. 1992). In *Purdy*, the Court held a dock owner liable when an independent contractor of a refiner fell off a ladder leading from a dock owned by the refiner to a barge. A review of *Purdy* reveals that plaintiff's reliance on it is misplaced. In *Purdy*, plaintiff's status as an independent contractor was significant only because plaintiff was an independent contractor of the dock owner. The *Purdy* court stressed that the dock owner had a direct, commercial interest in

4

the presence of the plaintiff on its dock. *Id.* at 1561. In contrast, Smith was not an independent contractor of Premier. Thus *Purdy* does not establish that Premier owed plaintiff a duty of safe and egress.

In any event, the Fifth Circuit's decision in *Forrester v. Ocean Marine Indemnity Company* is contrary to *Purdy*. 11 F.3d 1213, 1218 (5th Cir. 1993). The facts of *Forrester* are similar to this case. Plaintiff Forrester, a helicopter mechanic employed by an Arco contractor, was transported by boat to an onshore dock owned by Arco after he worked offshore. He was a passenger on the vessel--not a crew member. After arriving at the dock, he did not wait for a gangway and instead disembarked by jumping off of an outboard tire bumper. He sustained injuries and sued Arco, which owned both the dock and the platform and time chartered the vessel. The Fifth Circuit held that the *Florida Fuels* decision controlled. *Id.* Arco, in its capacity as dock owner, did not owe a duty of safe ingress and egress to the passenger. *Id.* The court held that the only duty the dock owner owed Forrester is the duty under Louisiana law to provide a reasonably safe dock. *Id.*

Based on *Florida Fuels* and *Forrester*, Premier does not owe a duty of safe ingress and egress to Smith, an electrician arriving on land after working offshore. As Premier owes no legal duty to Smith under maritime law, Premier is entitled to

summary judgment on this issue.

### B.   Negligence claims under Louisiana law

The Court finds that Premier is also entitled to summary judgment for plaintiff's claims under Louisiana negligence law. Plaintiffs have not provided sufficient evidence to show that a genuine issue of fact remains as to whether Premier provided a reasonably safe dock.  Plaintiff asserts claims under Louisiana Civil Code articles 2315 and 2317.1.  Article 2315 provides the codal foundation for negligence in Louisiana.  *Hager v. State ex rel. Dep't of Transp. and Dev.*, 978 So. 2d 454, 463 (La. Ct. App. 2008).  Article 2317.1 defines the basis for custodial liability for defective things.  *Id.* at 463-64.  Article 2317.1 prescribes a duty for an owner of immovable property to exercise reasonable care to ensure that the thing is not "occasioned by . . . ruin, vice, or defect."  Liability under article 2317.1 is also predicated on negligence.  *Hager*, 978 So. 2d at 464 n.4; *Broussard v. Voorhies*, 970 So. 2d 1038, 1042 (La. Ct. App. 2007). To prevail on a claim under article 2317.1, an injured plaintiff must prove: (1) the defendant owned or had custody of the thing, (2) the thing contained a ruin , vice or defect which presented an unreasonable risk of harm to others; (3) the ruin, vice or defect caused the damage; (4) the defendant knew, or in the

exercise of reasonable care, should have known of the ruin, vice or defect; (5) the damage could have been prevented by the exercise of reasonable care by the owner or custodian; and (6) the owner or custodian failed to exercise such reasonable care. *Gallow v. Newfield Exploration Co.*, 2008 WL 516528, at *6 (W.D. La. 2008).

None of the testimony plaintiff has provided raises a triable issue of fact as to whether there was a dangerous condition on the ground at the dock that caused plaintiff's injuries.  Plaintiff's deposition testimony stated that he did not know if there was a hole in the ground where he stepped down off the tires on the bulkheads.  (R. Doc. 52-1 at 25).  Plaintiff then stated that he mentioned that there might have been a hole only because William Bryant, a fellow passenger on the Jnet that day, told plaintiff that there was a hole.  (R. Doc. 52-1 at 37). Since plaintiff's statement about what Bryant told him is inadmissible hearsay, it cannot be used to establish a material fact sufficient to defeat a Motion for Summary Judgment.  *See Fowler v. Smith*, 68 F.3d 124, 126 (5th Cir. 1995).  Bryant himself testified that plaintiff told him that he stepped into a hole, but this testimony is also inadmissible hearsay. (R. Doc. 52-4 at 43).  Thus Bryant's testimony also cannot be used as evidence that there was an unreasonably unsafe condition on the ground where he landed.

Plaintiff also provided deposition testimony of Michael E. Perrin, another Jnet passenger on February 8, 2007, who fell when he disembarked at Premier dock.  Perrin indicated that when he jumped off the stern, he slipped and fell on the loose gravel on the ground.  Perrin did not, however, leave the boat on the same side that plaintiff did.  (R. Doc. 52-3 at 27).  As such, Perrin's testimony that there was loose gravel on one section of the ground does not tend to prove that there was loose gravel on the ground where Smith fell.  Thus even if Perrin's testimony establishes that there was a hazard in one area controlled by defendant, it does not establish that this condition caused plaintiff's injury.

## IV. Conclusion

For the foregoing reasons, the Court GRANTS Premier's motion for summary judgment.


New Orleans, Louisiana, this <u>24th</u> day of June, 2008.


_____*Sarah Vance*_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE