UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

**MARQUE SMITH, et al**                                **CIVIL ACTION**

**VERSUS**                                             **NO: 07-2989-SSV-SS**

**JNET, L.L.C., et al**

## ORDER

PLAINTIFFS' MOTION TO QUASH SUBPOENA (Rec. doc. 66)

**GRANTED WITHOUT PREJUDICE**

Before the undersigned is the motion of the plaintiffs, Marque Smith and Linda Smith, for an order quashing the subpoena duces tecum issued by defendants, JNET, LLC; Lin-Bar Leasing, LLC; and Lin-Bar Marine, Inc., and served on the plaintiffs' expert, David Cole. The subpoena seeks production of:

> A certified copy of every report issued in every case in which you have been retained, testified live at trial or given a deposition including, but not limited to, all cases listed on the attached lists of Court Testimony and Deposition Testimony prepared by your office, and which addressed or referenced the boarding and/or disembarkation of a vessel, means and/or methods of ingress/egress to or from a vessel and/or a dock, and/or otherwise addressed or referenced issues similar to those presented in the above-captioned matter.

Rec. doc. 66 (Exhibit A).

It is obvious that counsel for plaintiffs and defendants did not comply with L.R. 37.1 before the filing this motion. Since the trial has been continued, the parties will not be prejudiced by requiring them to start over.

There are some obvious questions which should be resolved through a L.R. 37.1 conference. First, are the defendants seeking every report ever issued by Cole or only those reports involving issues similar to those presented in this case? The plaintiffs appear to read the subpoena as seeking every report without qualification. The defendants dispute this. The subpoena is not an example of clarity. Second, the defendants contend that Cole should be able to search his files electronically. There is no information on whether Cole maintains his files electronically and if so, for how long he done so. Third, the parties treatment of the legal authorities is woefully inadequate. The plaintiffs cite two decisions: one from 1975 and the other from 1942. The Federal Rules of Civil Procedure regarding discovery of experts have gone through extensive modification and revision in recent years. The plaintiff should be able to come up with more current authority. The defendants' brief is equally deficient. For example, the defendants state, "[t]he Federal Rules of Civil Procedure require experts testifying in federal court to maintain records of all cases in which they have participated in federal court." Rec. doc. 70 at 3. There is no citation for this statement. Rule 26(a)(2) is concerned with disclosure of expert testimony. The expert's report must include "a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition. . . ." Fed. R. Civ. P. 26(a)(2)(B)(v) (emphasis added). Cole has been testifying for twenty years. Is he required to maintain all records for twenty years in a computer searchable format?

The plaintiffs' motion to quash will be granted without prejudice to the right of the defendants to seek information which is discoverable under the Federal Rules of Civil Procedure. If either the plaintiffs or the defendants file a discovery motion regarding this or any other issue in

this case, they shall fully comply with L.R. 37.1

IT IS ORDERED that plaintiffs' motion to quash (Rec. doc. 66) is GRANTED WITHOUT PREJUDICE.

New Orleans, Louisiana, this 3rd day of July, 2008.

**SALLY SHUSHAN**
**United States Magistrate Judge**